# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MARCUS MARCHMAN, ET AL

**Plaintiff**

AMERIHOME MORTGAGE, CENLAR FBS,

MERS HOLDING COMPANY, PHELAN, HALLINAN DIAMOND & JONES, INFORMATION SYSTEMS NETWORK CORPORATION, U.S. SECRETARY BEN CARSON, PARAMOUNT RESIDENTIAL MORTGAGE GROUP, ET AL.,

DEFENDANTS

~~WRIT OF EXECUTION~~

Case No.:

**1:20-MI 0055**

CONTRACT NO: A753A-03272020-RM,

**AFFIDAVIT AND A**_Registration of Judgment_~~PPLICATION FOR WRIT OF EXECUTION~~

The Undersigned Applicant make this application and hereby states on oath, the following:

The Judgment creditors have a judgment dated 27 day of March, 2020 against the judgment creditor Amerihome Mortgage Services for the stipulated amount of $834,048.62 (Eight Hundred Thirty Four Thousand Thousand Forty Eight U.S. Dollars & Sixty Two Cents) in total from Respondent as stipulated to the terms of the contractual agreement and as agreed to by the parties. The allowable interest at the rate of 12% for judgments.

To date, the judgment debtors have paid $0.00.

The judgment creditor seeks the U.S. Marshals to execute:

A. The sum of the judgment and interest
B. Particular property, specifically: _____
C. Particular property, specifically: _____

OR the sum of the value of the property found to be _____
If the above specific property cannot be located.

The amount owed has been broken down individually for the Respondents per the arbitration award. To be Eight Humdred Thirty Four Thousand Forth Eight U.S. Dollars & Sixty Two Cents ( $834, 048.62) in total form Respondant Amerihome Mortgage Services .

Respondant has not attempted to satisfy any of the award to the judgment creditors. All of the pertinent documents are attached hereto.

Applicants respectfully request that this Court issue a Writ of Execution authorizing the U.S. Marshalls to seize non-exempt property to satisfy the judgment.

*Steven W. Bernstein*

Marcus Marchman
(By his attorney-in-fact)
Steven W. Bernstein

404-877-2790

5/26/2020

*David T. Burr*

David T. Burr

[Notary Seal: DAVID THOMAS BURR, NOTARY PUBLIC, GEORGIA, FULTON COUNTY, EXPIRES 3/28/2022]

**STATE OF GEORGIA**

**County of Fulton**

Before the undersigned Notary Public, appeared Steven W. Bernstein, who Having first been sworn an oath stated, under penalty of perjury:

I, am over the age of twenty-one and competent to testify, and having been Named Attorney-In-Fact to pursue the collection of the debt for the Judgment Creditors in this matter states that to the best of my knowledge and belief, the Foregoing appears to be true and correct, and from the first hand knowledge of the Authors of the document. The Power of Attorney/Attorney-in-Fact appointment is Attached hereto. I have researched the matter, and am satisfied of the legitimacy of the claims made herein, all the statements made herein appear to be true and correct to the best of my knowledge and belief. If called upon to testify at trial, I will testify exactly as I have herein.

_____
Steven W. Bernstein

The undersigned Notary Public_____ personally knows Steven W. Bernstein, or ✓ he present competent evidence as to his identity.

Sworn to and Subscribed Before Me, _David T Burr_

This 26 day of May, 2020.        David T. Burr

NOTARY PUBLIC, State of Georgia

My commission Expires: 3/28/2022

SAA-MARCHMAN-AA25568-LDA8967547HJF-010                                      A753A-MM-001

## NOTICE OF THE ISSUANCE OF THIS AWARD TO BE DELIVERED TO:

ORIGINAL:                                                                    COPY:

CLAIMANT:                                                                    RESPONDENT(S):

| | |
|---|---|
| Marcus Marchman<br>P.O. Box 6922<br>Douglasville, Georgia 30154<br><br><br><br>EMAIL: mtminvestmentproperties@gmail.com | Amerihome Mortgage Company<br>1 Baxter Way<br>Thousand Oaks, CA 91362<br><br>Cenlar FBS<br>425 Philip Road<br>Ewing, NJ 08618<br><br>MERS Holding Company<br>1818 Liberty Street<br>Reston, VA 20190<br><br>U.S. Department of Housing & Urban Development<br>451 7th Street, SW<br>Washington, D.C. 20410<br><br>Paramount Residential Mortgage Group<br>1265 Corona Pointe Ct Ste 301<br>Carona, CA 92879<br><br>Phelan Hallinan Diamond & Jones, PLLC<br>11675 Great Oaks Way Ste 320<br>Alpharetta, GA 30022<br><br>Information Systems Network Corporation<br>2401 NW 23rd Street, Ste 1D<br>Oklahoma City, OK 73107 |

**SO, AWARDED.**
Be it so this 27th day of March 2020.

Arbitration Hearing Conducted by: Rance Magee

Hearing Site: Emmett, Michigan

03/27/2020   /s/ Rance Magee
                       ARBITRATOR

**IMPORTANT NOTICE:** Certification of services rendered. The Original Arbitration Award is given to the Claimant to be retained as private property. No Trespass.

SAA-MARCHMAN-AA25568-LDA8967547HJF-010                                         A753A-MM-001

## IN THE MATTER OF ARBITRATION BETWEEN THE FOLLOWING PARTIES:

| | |
|---|---|
| MARCUS MARCHMAN, ET AL.,<br><br>                    CLAIMANT(S),<br><br>v.<br><br>AMERIHOME MORTGAGE,<br>CENLAS FBS,<br>MERS HOLDING COMPANY,<br>PHELAN HALLINAN DIAMOND & JONES,<br>INFORMATION SYSTEMS NETWORK CORPORATION,<br>U.S. SECRETARY BEN CARSON,<br>PARAMOUNT RESIDENTIAL MORTGAGE GROUP, ET AL.,<br><br>                    RESPONDENT(S). | Contract No.: A753A-03272020-RM<br><br>9 UNITED STATES CODES<br>§1, §2, AND §9<br><br>*THE COMMON LAW*<br><br><br><br>SEALED. |

## FINAL ARBITRATION AWARD

Breach or violation of required contract terms:

The parties have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this Title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party and thereupon the court shall have jurisdiction of such party as though they had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or their attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served

Page | 1

SAA-MARCHMAN-AA25568-LDA8967547HJF-010                                                         A753A-MM-001

by the marshal of any district within which the adverse party may be found in like manner as other process of the court.[1]

Arbitrator's Name:   Rance Magee

Hearing Location:   Emmett, Michigan

This Arbitrator has considered the Claimant's request for dispute resolution on complaint and finds as follows:

Jurisdictional Allegations:

1. This Arbitrator has Subject Matter Jurisdiction, SMJ; as acknowledged by 9 U.S. Codes §1, §2, §9; 28 U.S. Code §§ 1346; and the established common law not limited to the following specifics:

a. That Claimant(s)

   i. Marcus Marchman is a citizen of the state of Georgia; and

b. The Respondent(s)

   i. AMERIHOME MORTGAGE,

   ii. CENLAS FBS,

   iii. MERS HOLDING COMPANY,

   iv. PHELAN HALLINAN DIAMOND & JONES,

   v. INFORMATION SYSTEMS NETWORK CORPORATION,

   vi. U.S. SECRETARY BEN CARSON, &

   vii. PARAMOUNT RESIDENTIAL MORTGAGE GROUP

2. It is uniformly settled that a court's right to vacate or modify an arbitration award is extremely limited. That said, many state arbitration statutes, as well the Federal Arbitration Act and the Uniform Arbitration Act, allow correction or modification for an evident miscalculation in the arbitrator's award. See, e.g., 9 U.S.C. § 11(a).

---

[1] July 30, 1947, Ch. 392, 61 Stat. 672.

Page | 2

SAA-MARCHMAN-AA25568-LDA8967547HJF-010                                A753A-MM-001

3. Many state courts have held that an award can be corrected only for "miscalculations" that appear on "the face of the award" and for mathematical errors that are "patently clear."[2]

4. This Arbitrator, Rance Magee; has been appointed in the above referenced matter on behalf of SITCOMM Arbitration Association to settle and resolve any and all disputes arising thereunder by arbitration under the authority of the Federal Arbitration Act.

5. An arbitration hearing was held on March 27, 2020 at which time the Arbitrator reviewed all contractual agreements and documentary evidence submitted by the parties in this matter.

6. This Arbitrator fully considered and granted the Claimant's request for summary disposition and further considered all the evidence in reference to the Contract Item No.: 7001-723458T6YBCDHFFGHJKC-K23459671-1YW3504©, its terms, promises, and obligations; as well as the facts in support as presented during the arbitration of this controversy.

7. On or about November 16, 2018 the Claimant and Respondent(s) entered into a written, irrevocable, binding contractual agreement which included an arbitration clause. Both parties entered into a legally binding contractual relationship and this Arbitrator found that no fraud in the inducement to contract or fraud in the factum was present. Thus, Respondent(s) are bound to the terms and obligations agreed upon and imposed on them. To date, the Respondent(s) have failed to respond to the Claimant and this Arbitrator has found that the Respondent(s) were not willing to participate in the hearing.

8. Therefore, after careful consideration of the evidence presented[3], this Arbitrator finds as follows:

   i.   The Claimant as well as the Respondent(s) are consenting adults, having attained the age of the majority; not a minor, not an infant, not a delinquent, and/or a decedent. All parties are fully capable of entering into and negotiating contracts; and

---

[2] *Fogal v. Stature Const., Inc.*, 294 S.W.3d 708 (Tex. App. 2009); *Jones v. Summit Ltd. P'ship Five*, 635 N.W.2d 267 (Neb. 2001); *Cole v. Hiller*, 715 So. 2d 451 (La. Ct. App. 1998*); Foust v. Aetna Cas. & Ins. Co.*, 786 P.2d 450 (Colo. App. 1989); *Severtson v. Williams Constr. Co.*, 173 Cal. App. 3d 86 (1985); *Morrison-Knudsen Co., Inc. v. Makahuena Corp.*, 675 P.2d 760 (Haw. 1983); *Carolina Virginia Fashion Exhibitors, Inc. v. Gunter*, 255 S.E.2d 414 (N.C. Ct. App. 1979).
[3] *Singh v. Raymond James Fin. Servs., Inc.*, No. 13-cv-1323, 2014 WL 11370123, (S.D.N.Y. March 28, 2014). "[T]ypically, 'arbitrators need not explain their rationale for an award'" (quoting *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

ii. I do not find any of the parties to be suffering from a mental disease and/or defect that would have prevented and/or interfered with their knowing and intentional entering into the binding contractual agreement; and

iii. The arbitration hearing was held on March 27, 2020 at which time this Arbitrator reviewed all contractual agreements and documentary evidence submitted by the parties in this matter.

iv. This Arbitrator fully considered and grated the Claimant's request for summary disposition and further considered all the evidence in reference to the contractual agreement.

v. This Arbitrator finds that the Respondent(s) have failed to fully perform to the terms of the agreement and that the Claimant is entitled to immediate and unconditional remedy as prescribed within the terms of the contractual agreement; and

vi. A prior relationship did exist between the parties and the Respondent(s) had an obligation to respond to the reasonable request of the Claimant; and

vii. This Arbitrator finds that the contractual agreement is binding on all parties, remains irrevocable and that the contractual agreement remains in effect as stipulated within the agreement until all the obligations are satisfied by the defaulting party. As of this day, those obligations have not been satisfied and I hereby order the Respondent(s) to satisfy the obligations according to the terms of the contractual agreement, which is not inconsistent with this order; and

viii. The Claimant has also demanded a full review and audit, comprehensive in nature; of all revenue for the estate/trust over the course of the past ten (10) years, any tax credits and/or deductions associated with the estate/trust, a copy of the insurance policies held, and a copy of any bonds held by the debtor. The Claimant, also acting as the Creditor in this matter; has requested such information to preserve their standing and position.

ix. The Respondent(s) failed to provide proof that they have not received and/or been

SAA-MARCHMAN-AA25568-LDA8967547HJF-010                                      A753A-MM-001

    notified of the existence of the contractual agreement and of their right to waiver; and

 x. The Respondent(s) failed to respond to the contractual agreement mailed with proof of service by the Claimant on November 16, 2019 which constituted an act of "tacit acquiescence;" and

 xi. The Respondent(s) have failed to fully perform to the terms of the agreement and the Claimant is entitled to immediate and unconditional remedy as prescribed within the terms of the contractual agreement; and

9. **Furthermore, this Arbitrator finds that the amount stipulated to be paid to the Claimant is $ 834,048.62 (Eight Hundred Thirty Four Thousand Forty Eight U.S. Dollars & Sixty Two Cents) in total from Respondent Amerihome Mortgage Services, as stipulated according to the terms of the contractual agreement and as agreed to by the parties.**

10. The amount stipulated to be paid to the Claimant from Respondent Cenlar FBS is $ 0.00.

11. The amount stipulated to be paid to the Claimant from Respondent MERS Holding Company is $ 0.00.

12. The amount stipulated to be paid to the Claimant from Respondent Phelan, Hallinan, Diamond & Jones is $ 0.00.

13. The amount stipulated to be paid to the Claimant from Respondent Information Systems Network Corporation is $ 0.00.

14. The amount stipulated to be paid to the Claimant from Respondent United States Department of Agriculture, et al., is $ 0.00.

15. The amount stipulated to be paid to the Claimant from Respondent Paramount Residential Mortgage Group is $ 0.00.

16. The Respondent(s) have thirty (30) days from receipt of this Award to comply with the decision of this Arbitrator. In the event that the Respondent(s) fail to comply with the decision of this Award, this Arbitrator may revisit this matter upon request of the Claimant and according to the terms and conditions of the contractual agreement; to modify this Award in an amount equivalent to two times the determination of this Arbitrator for each Respondent.

17. The contract stated that any final and binding arbitration award may be confirmed in any United States District Court, pursuant to Title 9 of the United States Code §9 and §13. The Supreme Court has explained, "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."[4] A Judicial review of an arbitrator's award is extremely limited, and the court must accept the arbitrator's credibility determinations, even where there is conflicting evidence and room for choice exists.[5] "An arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not attempt to mold the award to conform to their sense of justice."[6]

18. Claimant may seek confirmation of this arbitration Award in a United States District Court. Confirmation of an award is generally a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court."[7]

19. This Award is final and binding between the Claimant and the Respondent(s) in the above referenced matter upon issuance and execution of this Arbitrator's signature below and full force and effect take place immediately upon issuance.

(REMAINDER OF PAGE LEFT INTENTIONALLY BLANK)

---

[4] *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).
[5] *Matter of Long Is. Ins. Co. v. Motor Vehicle Accident Indemnification Corp.*, 57 AD3d 670, 869 NYS2d 195 (2nd Dept., 2008). *White v. Roosevelt Union Free School District Board of Educ.*, 147 AD3d 1071, 48 NYS3d 220 (2nd Dept., 2017).
[6] *Aftor v. Geico Insurance Co.*, 110 AD3d 1062, 974 NYS2d 95 (2nd Dept., 2013).
[7] *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).

SAA-MARCHMAN-AA25568-LDA8967547HJF-010                                    A753A-MM-001

## NOTICE OF THE ISSUANCE OF THIS AWARD TO BE DELIVERED TO:

ORIGINAL:                                                COPY:

CLAIMANT:                                                RESPONDENT(S):

| | |
|---|---|
| Marcus Marchman<br>P.O. Box 6922<br>Douglasville, Georgia 30154<br><br><br><br>EMAIL: mtminvestmentproperties@gmail.com | Amerihome Mortgage Company<br>1 Baxter Way<br>Thousand Oaks, CA 91362<br><br>Cenlar FBS<br>425 Philip Road<br>Ewing, NJ 08618<br><br>MERS Holding Company<br>1818 Liberty Street<br>Reston, VA 20190<br><br>U.S. Department of Housing & Urban Development<br>451 7th Street, SW<br>Washington, D.C. 20410<br><br>Paramount Residential Mortgage Group<br>1265 Corona Pointe Ct Ste 301<br>Carona, CA 92879<br><br>Phelan Hallinan Diamond & Jones, PLLC<br>11675 Great Oaks Way Ste 320<br>Alpharetta, GA 30022<br><br>Information Systems Network Corporation<br>2401 NW 23rd Street, Ste 1D<br>Oklahoma City, OK 73107 |

**SO, AWARDED.**
Be it so this 27th day of March 2020.

Arbitration Hearing Conducted by:  Rance Magee

Hearing Site:  Emmett, Michigan

[Official Seal: THE OFFICIAL SEAL OF THE ARBITRATOR — AWARDED ON THIS DAY 03/27/2020]

/s/ *Rance Magee*
ARBITRATOR

IMPORTANT NOTICE:  Certification of services rendered.  The Original Arbitration Award is given to the Claimant to be retained as private property.  No Trespass.

Page | 7

SAA-MARCHMAN-AA25568-LDA8967547HJF-010                               A753A-MM-001

# IN THE MATTER OF ARBITRATION BETWEEN THE FOLLOWING PARTIES:

| | |
|---|---|
| MARCUS MARCHMAN, ET AL.,<br><br>        CLAIMANT(S),<br><br>v.<br><br>AMERIHOME MORTGAGE,<br>CENLAS FBS,<br>MERS HOLDING COMPANY,<br>PHELAN HALLINAN DIAMOND & JONES,<br>INFORMATION SYSTEMS NETWORK CORPORATION,<br>U.S. SECRETARY BEN CARSON,<br>PARAMOUNT RESIDENTIAL MORTGAGE GROUP, ET AL.,<br><br>        RESPONDENT(S). | Contract No.: A753A-03272020-RM<br><br>9 UNITED STATES CODES<br>§1, §2, AND §9<br><br>*THE COMMON LAW*<br><br><br>SEALED. |

## FINAL ARBITRATION AWARD

**Breach or violation of required contract terms:**

    The parties have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this Title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party and thereupon the court shall have jurisdiction of such party as though they had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or their attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served

SAA-MARCHMAN-AA25568-LDA8967547HJF-010                                A753A-MM-001

by the marshal of any district within which the adverse party may be found in like manner as other process of the court.[1]

Arbitrator's Name:      Rance Magee

Hearing Location:       Emmett, Michigan

  This Arbitrator has considered the Claimant's request for dispute resolution on complaint and finds as follows:

Jurisdictional Allegations:

1. This Arbitrator has Subject Matter Jurisdiction, SMJ; as acknowledged by 9 U.S. Codes §1, §2, §9; 28 U.S. Code §§ 1346; and the established common law not limited to the following specifics:

a. That Claimant(s)

  i. Marcus Marchman is a citizen of the state of Georgia; and

b. The Respondent(s)

  i. AMERIHOME MORTGAGE,

  ii. CENLAS FBS,

  iii. MERS HOLDING COMPANY,

  iv. PHELAN HALLINAN DIAMOND & JONES,

  v. INFORMATION SYSTEMS NETWORK CORPORATION,

  vi. U.S. SECRETARY BEN CARSON, &

  vii. PARAMOUNT RESIDENTIAL MORTGAGE GROUP

2. It is uniformly settled that a court's right to vacate or modify an arbitration award is extremely limited. That said, many state arbitration statutes, as well the Federal Arbitration Act and the Uniform Arbitration Act, allow correction or modification for an evident miscalculation in the arbitrator's award. See, e.g., 9 U.S.C. § 11(a).

---

[1] July 30, 1947, Ch. 392, 61 Stat. 672.

Page | 2

SAA-MARCHMAN-AA25568-LDA8967547HJF-010                                    A753A-MM-001

3. Many state courts have held that an award can be corrected only for "miscalculations" that appear on "the face of the award" and for mathematical errors that are "patently clear."[2]

4. This Arbitrator, Rance Magee; has been appointed in the above referenced matter on behalf of SITCOMM Arbitration Association to settle and resolve any and all disputes arising thereunder by arbitration under the authority of the Federal Arbitration Act.

5. An arbitration hearing was held on March 27, 2020 at which time the Arbitrator reviewed all contractual agreements and documentary evidence submitted by the parties in this matter.

6. This Arbitrator fully considered and granted the Claimant's request for summary disposition and further considered all the evidence in reference to the Contract Item No.: 7001-723458T6YBCDHFFGHJKC-K23459671-1YW3504©, its terms, promises, and obligations; as well as the facts in support as presented during the arbitration of this controversy.

7. On or about November 16, 2018 the Claimant and Respondent(s) entered into a written, irrevocable, binding contractual agreement which included an arbitration clause. Both parties entered into a legally binding contractual relationship and this Arbitrator found that no fraud in the inducement to contract or fraud in the factum was present. Thus, Respondent(s) are bound to the terms and obligations agreed upon and imposed on them. To date, the Respondent(s) have failed to respond to the Claimant and this Arbitrator has found that the Respondent(s) were not willing to participate in the hearing.

8. Therefore, after careful consideration of the evidence presented[3], this Arbitrator finds as follows:

   i. The Claimant as well as the Respondent(s) are consenting adults, having attained the age of the majority; not a minor, not an infant, not a delinquent, and/or a decedent. All parties are fully capable of entering into and negotiating contracts; and

---

[2] *Fogal v. Stature Const., Inc.*, 294 S.W.3d 708 (Tex. App. 2009); *Jones v. Summit Ltd. P'ship Five*, 635 N.W.2d 267 (Neb. 2001); *Cole v. Hiller*, 715 So. 2d 451 (La. Ct. App. 1998); *Foust v. Aetna Cas. & Ins. Co.*, 786 P.2d 450 (Colo. App. 1989); *Severtson v. Williams Constr. Co.*, 173 Cal. App. 3d 86 (1985); *Morrison-Knudsen Co., Inc. v. Makahuena Corp.*, 675 P.2d 760 (Haw. 1983); *Carolina Virginia Fashion Exhibitors, Inc. v. Gunter*, 255 S.E.2d 414 (N.C. Ct. App. 1979).
[3] *Singh v. Raymond James Fin. Servs., Inc.*, No. 13-cv-1323, 2014 WL 11370123, (S.D.N.Y. March 28, 2014). "[T]ypically, 'arbitrators need not explain their rationale for an award'" (quoting *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

SAA-MARCHMAN-AA25568-LDA8967547HJF-010                                  A753A-MM-001

ii. I do not find any of the parties to be suffering from a mental disease and/or defect that would have prevented and/or interfered with their knowing and intentional entering into the binding contractual agreement; and

iii. The arbitration hearing was held on March 27, 2020 at which time this Arbitrator reviewed all contractual agreements and documentary evidence submitted by the parties in this matter.

iv. This Arbitrator fully considered and grated the Claimant's request for summary disposition and further considered all the evidence in reference to the contractual agreement.

v. This Arbitrator finds that the Respondent(s) have failed to fully perform to the terms of the agreement and that the Claimant is entitled to immediate and unconditional remedy as prescribed within the terms of the contractual agreement; and

vi. A prior relationship did exist between the parties and the Respondent(s) had an obligation to respond to the reasonable request of the Claimant; and

vii. This Arbitrator finds that the contractual agreement is binding on all parties, remains irrevocable and that the contractual agreement remains in effect as stipulated within the agreement until all the obligations are satisfied by the defaulting party. As of this day, those obligations have not been satisfied and I hereby order the Respondent(s) to satisfy the obligations according to the terms of the contractual agreement, which is not inconsistent with this order; and

viii. The Claimant has also demanded a full review and audit, comprehensive in nature; of all revenue for the estate/trust over the course of the past ten (10) years, any tax credits and/or deductions associated with the estate/trust, a copy of the insurance policies held, and a copy of any bonds held by the debtor. The Claimant, also acting as the Creditor in this matter; has requested such information to preserve their standing and position.

ix. The Respondent(s) failed to provide proof that they have not received and/or been

Page | 4

SAA-MARCHMAN-AA25568-LDA8967547HJF-010                                A753A-MM-001

   notified of the existence of the contractual agreement and of their right to waiver; and

 x. The Respondent(s) failed to respond to the contractual agreement mailed with proof of service by the Claimant on November 16, 2019 which constituted an act of "tacit acquiescence;" and

 xi. The Respondent(s) have failed to fully perform to the terms of the agreement and the Claimant is entitled to immediate and unconditional remedy as prescribed within the terms of the contractual agreement; and

9. Furthermore, this Arbitrator finds that the amount stipulated to be paid to the Claimant is $ 834,048.62 (Eight Hundred Thirty Four Thousand Forty Eight U.S. Dollars & Sixty Two Cents) in total from Respondent Amerihome Mortgage Services, as stipulated according to the terms of the contractual agreement and as agreed to by the parties.

 10. The amount stipulated to be paid to the Claimant from Respondent Cenlar FBS is $ 0.00.

 11. The amount stipulated to be paid to the Claimant from Respondent MERS Holding Company is $ 0.00.

 12. The amount stipulated to be paid to the Claimant from Respondent Phelan, Hallinan, Diamond & Jones is $ 0.00.

 13. The amount stipulated to be paid to the Claimant from Respondent Information Systems Network Corporation is $ 0.00.

 14. The amount stipulated to be paid to the Claimant from Respondent United States Department of Agriculture, et al., is $ 0.00.

 15. The amount stipulated to be paid to the Claimant from Respondent Paramount Residential Mortgage Group is $ 0.00.

 16. The Respondent(s) have thirty (30) days from receipt of this Award to comply with the decision of this Arbitrator. In the event that the Respondent(s) fail to comply with the decision of this Award, this Arbitrator may revisit this matter upon request of the Claimant and according to the terms and conditions of the contractual agreement; to modify this Award in an amount equivalent to two times the determination of this Arbitrator for each Respondent.

SAA-MARCHMAN-AA25568-LDA8967547HJF-010                                A753A-MM-001

17. The contract stated that any final and binding arbitration award may be confirmed in any United States District Court, pursuant to Title 9 of the United States Code §9 and §13. The Supreme Court has explained, "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."[4] A Judicial review of an arbitrator's award is extremely limited, and the court must accept the arbitrator's credibility determinations, even where there is conflicting evidence and room for choice exists.[5] "An arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not attempt to mold the award to conform to their sense of justice."[6]

18. Claimant may seek confirmation of this arbitration Award in a United States District Court. Confirmation of an award is generally a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court."[7]

19. This Award is final and binding between the Claimant and the Respondent(s) in the above referenced matter upon issuance and execution of this Arbitrator's signature below and full force and effect take place immediately upon issuance.

(REMAINDER OF PAGE LEFT INTENTIONALLY BLANK)

---

[4] *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).
[5] *Matter of Long Is. Ins. Co. v. Motor Vehicle Accident Indemnification Corp.*, 57 AD3d 670, 869 NYS2d 195 (2nd Dept., 2008). *White v. Roosevelt Union Free School District Board of Educ.*, 147 AD3d 1071, 48 NYS3d 220 (2nd Dept., 2017).
[6] *Aftor v. Geico Insurance Co.*, 110 AD3d 1062, 974 NYS2d 95 (2nd Dept., 2013).
[7] *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).

Page | 6

Local Form 005a (5/10)
(formerly DC11, rev. 7/82)

# WRIT OF EXECUTION

**United States District Court**

DISTRICT: NORTHERN DISTRICT OF GEORGIA

TO THE MARSHAL OF: THE NORTHERN DISTRICT OF GEORGIA

YOU ARE HEREBY COMMANDED, that of the goods and chattels, lands and tenements in your district belonging to:

NAME: ~~U.S. BANK, N.A.~~ *Amerihome Mortgage Company*

you cause to be made and levied as well a certain debt of:

DOLLAR AMOUNT: $834,048.42 ~~$1,027,749.95~~ and

DOLLAR AMOUNT:

in the United States District Court for the NORTHERN District of GEORGIA, before the Judge of the said Court by the consideration of the same Judge lately recovered against the said,

U.S. BANK, N.A.

and also the costs that may accrue under this writ.

And that you have above listed moneys at the place and date listed below; and that you bring this writ with you.

PLACE: U.S. DISTRICT COURTHOUSE
CITY: ATLANTA, GEORGIA
DISTRICT: NORTHERN DISTRICT OF GEORGIA
DATE:

Witness the Honorable _____ (United States Judge)

DATE:

CLERK OF COURT: JAMES N. HATTEN

(BY) DEPUTY CLERK:

## RETURN

DATE RECEIVED:

DATE OF EXECUTION OF WRIT:

This writ was received and executed.

U.S. MARSHAL:

(BY) DEPUTY MARSHAL: